STATE of Iowa, Plaintiff–Appellee,

v.

Lawrence Gerald MALLOY, Defendant–Appellant.

No. 89–547.

Court of Appeals of Iowa.

Jan. 25, 1990.

Thomas J. Miller, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Denver Dillard, Linn County Atty., Karla Henderson, Asst. Linn County Atty., for plaintiff-appellee.

Gregory J. Epping, Cedar Rapids, for defendant-appellant.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Lawrence Gerald Malloy appeals his conviction of operating a motor vehicle while intoxicated, in violation of Iowa Code section 321J.2 (1987). He contends the officers who stopped him did not have probable cause to do so. As defendant is alleging his constitutional rights were violated, our review of the facts is de novo. *State v. Lamp*, 322 N.W.2d 48, 50 (Iowa 1982). We affirm the district court decision.

At approximately 1:45 a.m. on March 29, 1988, the defendant was operating a motor vehicle at an intersection in the city of Cedar Rapids. Two members of the Cedar Rapids police department were traveling in a squad car about one and one-half blocks behind defendant's vehicle. Defendant's vehicle, which was sitting at an angle across two of the middle lanes in a five-lane, one-way street, made a right-hand turn without using a turn signal. After stopping defendant, the officers conducted field sobriety tests and found his blood alcohol concentration to be 0.171.

Defendant was charged with operating a motor vehicle while intoxicated. He entered a plea of not guilty and filed a motion to suppress evidence, contending the officers did not have probable cause to make the stop. The district court found defendant had failed to use a turn signal in violation of Iowa Code section 321.314 and that such a failure constituted probable cause for stopping defendant's vehicle.

Defendant appeals, contending there was insufficient evidence in the record to support a finding that he violated section 321.314. He argues that section 321.314 only requires use of a signal when turning "in the event any other vehicle may be affected by such movement," and that since there were no other vehicles in close proximity at the time, he was not required to use his turn signal. The State contends defendant's actions may have affected the operation of the officers' patrol car, especially if they received a call to respond to an emergency.

The fourth amendment requires reasonable cause to stop a vehicle for investigatory purposes. *State v. Lamp*, 322 N.W.2d at 51 (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968)). If a defendant challenges a stop, alleging that reasonable cause did not exist, the State must show the stopping officer had "specific and articulable cause to support a reasonable belief that criminal activity may have occurred." *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980). The officer is bound by the true reason or reasons for making the stop; the officer may not rely on reasons that he or she could have had but did not actually have. *Id.* If the State fails to sustain its burden, evidence taken as a result of the stop must be suppressed. *Id.*

Iowa Code section 321.314 (1987), entitled "When signal required," states:

No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement *or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.* (emphasis added)

Iowa Code section 321.315 (1987), entitled "Signal continuous," further requires:

A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning when the speed limit is forty-five miles per hour or less and a continuous signal during not less than the last three hundred feet when the speed limit is in excess of forty-five miles per hour.

Section 321.314 does not require a driver to use a turn signal in all instances; only in the event another vehicle may be affected. Section 321.315 does not, upon literal interpretation, depend upon whether another vehicle will be affected. The trial court determined the police officers had reasonable cause to stop defendant's car for violating section 321.314.

The rule in Iowa regarding statutory interpretation is that when the language of a statute is plain, unambiguous, and consistent with related statutory provisions, there is no room for interpretation. *State v. Baker,* 293 N.W.2d 568, 572 (Iowa 1980). Here, although the language is plain, the meaning of section 321.315 is ambiguous as it relates to section 321.314. In interpreting statutory language, our ultimate goal is to ascertain and give effect to legislative intent. *State v. Foster,* 356 N.W.2d 548, 550 (Iowa 1984). "We consider all parts of the statute together, without attributing undue importance to any single or isolated portion." *Iowa S. Utils. Co. v. Iowa State Commerce Comm'n,* 372 N.W.2d 274, 278 (Iowa 1985). We avoid construction that renders part of a statute superfluous; it is presumed the legislature intended every part of a statute to have a purpose. *State v. Luppes,* 358 N.W.2d 322, 324 (Iowa App. 1984).

When read together, we construe section 321.314 to designate when a driver is required to use a turn signal, and section 321.315 to designate how long the signal must be given once a duty to use it arises under section 321.314. Any other construction would make the language in section 321.314, "in the event any other vehicle may be affected by such movement," superfluous because section 321.315 would impose a duty to signal at *all* turns.

■ Defendant was not required to signal his right turn unless another vehicle was affected by the turn. We find that since the police officers were far enough behind the defendant at the time of his turn, that turn did not affect the officers' vehicle. Thus, defendant was not required to use a signal. Consequently, the officers had no reasonable grounds to stop defendant's vehicle based on a violation of section 321.314.

■ The State asserts that the officers need only have a belief an offense was committed. Since the officers believed defendant violated the law, the State argues, the stop was reasonable. We do not agree. When the facts giving rise to an arrest do not constitute an offense, no reasonable cause exists to stop the defendant. *See State v. Baldwin,* 396 N.W.2d 192, 195 (Iowa 1986).

■ The State next asserts that the officers were justified in stopping the defendant based on his turn from an improper lane, in violation of Iowa Code section 321.311 (1987). That section states, in relevant part: "Both the approach for a right turn and right turn shall be made as close as practical to the right-hand curb or edge of the roadway." Defendant contends he was not in an improper lane at the time of the turn. He charges the officers with changing their story between their trial court testimony on the motion to suppress and the earlier Department of Transportation hearing on license revocation.

We find no such inconsistencies in the officers' testimony. Further, we find it is clear from the record that defendant violated section 321.311 and that this violation gave the officers reasonable grounds to stop the defendant's vehicle. Thus, the trial court did not err in denying defendant's motion to suppress evidence.

The decision of the trial court is affirmed.

AFFIRMED.