# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3139

———————

United States of America,      *
     *
          Appellee,      *
     *   Appeal from the United States
       v.      *   District Court for the
     *   Southern District of Iowa.
Obed Rodriguez-Lopez,      *
     *
          Appellant.      *

———————

Submitted: February 14, 2006
Filed: April 24, 2006

———————

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

After the district court[1] denied his motion to suppress the marijuana seized from his vehicle, Obed Rodriguez-Lopez pleaded guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). In his plea agreement, Rodriguez reserved the right to appeal the denial of his motion to suppress. On appeal, Rodriguez contends that police violated the Fourth Amendment in the stop of his vehicle because no objectively reasonable basis existed to believe that he violated Iowa traffic law. We affirm the denial of the motion to suppress.

———————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

## I. *Background*

The Sheriff's Office of Dallas County, Iowa, established a decoy checkpoint on eastbound I-80. Along the highway, deputies posted signs that read "Narcotics Enforcement Ahead", "Police Drug Dogs in Use", and "Be Prepared to Stop Ahead". The deputies placed the signs just before the Van Meter exit, which is the last exit before the announced checkpoint. In fact, no checkpoint existed.[2] Instead, the deputies used the signs hoping that persons transporting narcotics would take the Van Meter exit to avoid the decoy checkpoint.

Detective Steve Bandy parked his unmarked van at the top of the exit ramp to observe and videotape cars exiting the interstate. Bandy recorded and reported traffic violations he observed at the intersection. When he observed a violation, Bandy instructed deputies waiting nearby to stop the driver who committed the traffic violation. The deputies kept at least three drug dogs available to assist in checking the stopped vehicles for illegal narcotics.

Obed Rodriguez-Lopez took the Van Meter exit, followed by a gravel truck. Detective Bandy observed Rodriguez-Lopez fail to signal a turn when he reached the stop sign. Detective Bandy videotaped the event and then signaled other officers to make a stop on the vehicle.

As instructed by Detective Bandy, two nearby deputies stopped Lopez-Rodriguez's vehicle. As the officers spoke with Lopez-Rodriguez, he became increasingly nervous and gave inconsistent responses regarding his travel. The officers employed a drug dog, which alerted to three locations on the exterior of the vehicle.

---

[2]We note that the Supreme Court has held that where the primary purpose of a checkpoint is to detect ordinary criminal wrongdoing, the checkpoint violates the Fourth Amendment. *City of Indianapolis v. Edmond*, 531 U.S. 32, 41–42 (2000).

Officers subsequently searched the vehicle and found 243 one-pound bricks[3] of marijuana. Lopez-Rodriguez was arrested and his vehicle impounded.

Lopez-Rodriguez was indicted for conspiracy to distribute at least 100 kilograms of a mixture containing marijuana and possession with intent to distribute the same. He filed a motion to suppress all evidence derived from the traffic stop. Lopez-Rodriguez argued that he had not violated the relevant Iowa traffic law by not using his turn signal because no other vehicle was affected by his turn. The district court denied the motion, holding that police had an objectively reasonable belief that the gravel truck immediately behind Lopez-Rodriguez's vehicle was affected by his turn.

Following the denial of his motion to suppress, Lopez-Rodriguez entered into a plea agreement with the government. Pursuant to the agreement, he pleaded guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). The agreement allowed him to appeal the denial of his motion to suppress. The district court sentenced Lopez-Rodriguez to 120 months' imprisonment.

## II. *Discussion*

On appeal, Rodriguez-Lopez contends that his motion to suppress should have been granted because the stop of his vehicle was constitutionally invalid, as his failure to signal his turn did not constitute a traffic violation under Iowa Code § 321.314. We hold that regardless of the proper interpretation of § 321.314, Detective Bandy could have reasonably believed that Lopez-Rodriguez's failure to signal his intended turn violated § 321.314. Therefore, we affirm the denial of Rodriguez-Lopez's motion to suppress the evidence derived from the stop of his vehicle.

---

[3]The Iowa authorities determined that the total metric weight of the marijuana was 105.5 kilograms.

On appeal from denial of motion to suppress, we review the district court's findings of historical fact for clear error, while the district court's determinations of reasonable suspicion and probable cause are reviewed de novo. *United States v. Foley*, 206 F.3d 802, 805 (8th Cir. 2000). Under the Fourth Amendment, any traffic violation constitutes probable cause to stop the driver of the vehicle. *E.g., id.*; *Whren v. United States*, 517 U.S. 806, 810 (1996). We have held that "the validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases the question is simply whether the mistake, whether of law or fact, was an objectively reasonable one." *United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005) (quoting *United States v. Smart*, 393 F.3d 767, 770 (8th Cir.2005)) (internal quotations omitted). "*[S]ubjective* good faith is not sufficient to justify the stop, for officers have an obligation to understand the laws that they are entrusted with enforcing, at least to a level that is objectively reasonable. Any mistake of law that results in a search or seizure, therefore, must be *objectively* reasonable to avoid running afoul of the Fourth Amendment." *Id.* at 1001 (emphasis original).

The relevant traffic law provides

> No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after . . . giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

Iowa Code § 321.314. Rodriguez-Lopez argues that the statute is not violated when no other vehicle is "affected" by any "turn". He contends the gravel truck which left the interstate behind him was not affected by his failure to signal and therefore no violation occurred. The parties cite *State v. Malloy*, 453 N.W.2d 243 (Iowa App. 1990) as the only Iowa case on point. In *Malloy*, the Iowa appeals court held that the defendant driver was not required to signal a turn to a police car that was one and one-half blocks behind the driver's vehicle because the police car was not affected by the

turn. However, § 321.314 does not define what distance or condition renders a vehicle "affected." Fortunately, we need not decide this issue because the resolution of the case turns upon whether Detective Bandy's belief that the statute was violated was objectively reasonable not whether it was in fact violated. *Martin*, 411 F.3d at 1001.

In *Martin*, the defendant, while within tribal jurisdiction, was stopped when officers noticed that his right tail light was unilluminated. *Id*. at 1000. However, Section 621(3) of the Tribe's Motor Vehicle Code required only that a vehicle be "equipped with *a* stop light in good working order." (emphasis added). Notwithstanding the fact that the defendant's conduct may have been legal under tribal law, this court held that the "determinative question" was "whether an objectively reasonable police officer could have formed a reasonable suspicion that [the defendant] was committing a [traffic] violation." *Id*. at 1001. Because the laws of surrounding areas provided for two working brake lights, and because any misunderstanding of the Tribe's traffic code was understandable given the "confusing" language of the provision, the *Martin* court held that the stop was valid, even if the officer's interpretation was technically incorrect. *Id*. at 1001–02.

In the case at bar, Detective Bandy's conclusion that the defendant violated the law by failing to signal a turn was objectively reasonable. An officer observing the defendant's vehicle exit the highway and the gravel truck following behind it could have reasonably concluded that Rodriguez-Lopez's failure to signal his turn violated Iowa's traffic laws by failing to inform the gravel truck behind him that he intended to turn. Therefore, although Rodriguez-Lopez may have a defense to a prosecution for violation of § 321.314, Detective Bandy's belief that his failure to signal violated § 321.314 was not unreasonable. We hold the stop was valid under the Fourth Amendment.

### III. *Conclusion*

Because the stop of Rodriguez-Lopez's vehicle was permissible under the Fourth Amendment, we affirm the denial of the defendant's motion to suppress.

_____