**STATE of Iowa, Plaintiff–Appellee**

v.

**Troy Michael REISETTER, Defendant–Appellant.**

No. 07–0764.

Court of Appeals of Iowa.

March 14, 2008.

Matthew Lindholm of Gourley Rehkemper & Lindholm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda Hines, Assistant Attorney General, and Randall J. Tilton, County Attorney, for appellee.

Considered by VOGEL, P.J., and MAHAN and ZIMMER, JJ.

VOGEL, P.J.

Troy Reisetter appeals from his conviction for operating while intoxicated, second offense. Reisetter asserts that the district court erred in denying his motion to suppress. Because we agree with Reisetter that the stop of his vehicle was not supported by reasonable suspicion, we reverse and remand.

## I. Background Facts and Proceedings

At 2:15 a.m. on September 9, 2006, Hardin County Deputy Sheriff Josh Nelson observed a vehicle traveling approximately a hundred feet in front of him. Suspecting a violation of Iowa Code section 321.388 (2005), which requires that the rear license plate of a vehicle be illuminated, Deputy Nelson activated his lights and initiated a traffic stop. When Deputy Nelson spoke to the driver, Reisetter, he noticed a strong order of alcohol on Reisetter's breath and that his speech was slow and slurred. Additionally, Deputy Nelson observed that Reisetter's eyes were bloodshot and watery. Reisetter was cited for an improper registration lamp and arrested for operating while intoxicated. After being transported to the Hardin County Sheriff's Office, and submitting to a breath analysis, it was shown that Reisetter had a blood alcohol content of .119.

The State charged Reisetter with operating while intoxicated, second offense in violation of Iowa Code sections 321J.2(1)(a) and (b) and 321J.2(2)(b). Reisetter moved to suppress all the evidence asserting the stop of his vehicle was not supported by reasonable suspicion or probable cause. The district court denied the motion and, based on the minutes of evidence, found Reisetter guilty as charged. On appeal, Reisetter contends the district court erroneously denied his motion to suppress.

## II. Scope of Review

Reisetter alleges a violation of his constitutional rights; therefore, our review is de novo. *State v. Kinkead*, 570 N.W.2d 97, 99 (Iowa 1997). This review requires us to "make an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* (citations omitted). We give deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but we are not bound by such findings. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001).

## III. Analysis

The Fourth Amendment to the United States Constitution and article one, section eight of the Iowa Constitution protects individuals against unreasonable searches and seizures by government officials. *Kinkead*, 570 N.W.2d at 100. The stop of a vehicle and temporary detention of an individual by a law enforcement officer is a seizure under the Fourth Amendment. *State v. Heminover*, 619 N.W.2d 353, 357 (Iowa 2000), *abrogated on other grounds by Turner*, 630 N.W.2d 601 (Iowa 2001), (citing *Whren v. United States*, 517 U.S. 806, 809–810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89, 95 (1996)). Consequently, a general reasonableness standard is imposed on all automobile stops. *Id.* (citing

*Whren,* 517 U.S. at 810, 116 S.Ct. at 1772, 135 L.Ed.2d at 95).

The stop of an automobile is reasonable if supported by reasonable suspicion that criminal activity has occurred or is occurring. *Kinkead,* 570 N.W.2d at 100 (citing *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968)). "When a person challenges a stop on the basis that reasonable suspicion did not exist, the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred." *State v. Tague,* 676 N.W.2d 197, 204 (Iowa 2004) (citations omitted). An objective standard is used to judge whether the facts known to the officer at the time of the stop would lead a reasonable person to believe the stop was appropriate. *Kinkead,* 570 N.W.2d at 100 (citing *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906). If the State fails to carry its burden, any evidence obtained through the investigatory stop is inadmissible, regardless of its relevancy or probative value. *Id.*

Deputy Nelson stopped Reisetter for a violation of Iowa Code section 321.388, which requires that a vehicle's rear license registration plate be illuminated and "render it clearly legible from a distance of fifty feet to the rear." This code section very clearly sets forth a specific distance to measure compliance. Iowa Code § 321.388; *cf.* Iowa Code § 321.38 (requiring a license registration plate to be maintained in a condition to be clearly legible, but not specifying a distance from which the plate must be legible). At the suppression hearing, Deputy Nelson responded to the following question:

Q: And at the time that you decided to stop Mr. Reisetter's vehicle, you were roughly 100, 120 feet behind his vehicle at the time? A: Well, let me see. I'll try to give you an estimate distance, but I'd say, you know, three—three or four car lengths, so probably under a hundred feet or close to it I suppose.

Although "car lengths" can be an indicator of distance they can also vary significantly, and there was no follow-up as to how Deputy Nelson would measure these lengths. The State did not introduce any evidence Deputy Nelson observed the license plate within "fifty feet to the rear" prior to stopping Reisetter's vehicle.

The State argues that because Deputy Nelson "could not see" the license plate from one hundred feet, it was reasonable to stop the vehicle to investigate whether it was visible from fifty feet. However, Iowa Code section 321.388 does not require an illuminated license plate to be legible from any distance greater than fifty feet. Thus, a license plate that is not "visible" from one hundred feet because it appears to lack illumination does not constitute an offense nor give rise to reasonable suspicion that would support an investigatory stop. *See State v. Malloy,* 453 N.W.2d 243, 245 (Iowa Ct.App.1990) (discussing that reasonable cause to stop the defendant did not exist because the facts surrounding the stop did not constitute an offense). That is not to say that reasonable suspicion only arises if an officer is within fifty feet and questions compliance with the statute. For example, if the deputy had testified that he observed the plate from something that would approximate fifty feet, and it did not appear to be illuminated so as to be legible, we would likely find the stop reasonable, as it is impossible to measure the precise distance between two moving vehicles. Then, after a legitimate stop, a more accurate measurement could be made to confirm the officer's reasonable suspicion that the vehicle was not in compliance with the statuto-

ry length of fifty feet. "The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot." *State v. Kreps*, 650 N.W.2d 636, 642 (Iowa 2002). However, at the time of this stop,[1] Deputy Nelson was more than twice the statutory distance from Reisetter's vehicle. Therefore, he was not close enough to justify a stop to "resolve the ambiguity" as to whether "criminal activity [was] afoot." *Id.* Without the facts that would support reasonable suspicion that the statutory requirement of fifty feet was being violated, an officer could claim *at any distance*, that a license plate was not illuminated and therefore justify a stop.

Because the State did not introduce any evidence that Deputy Nelson observed the license plate from a distance that could reasonably approximate fifty feet prior to initiating the traffic stop, there was no reasonable basis to stop Reisetter. The stop was therefore in violation of both the United States and Iowa constitutions which protect people from unreasonable searches and seizures. The district court erred in not granting the motion to suppress. Therefore, we reverse and remand for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

VOGEL, P.J. and MAHAN, J. concur. ZIMMER, J., dissents.

ZIMMER, J. (dissenting).

I respectfully dissent. An offense is committed under Iowa Code section 321.388 if a registration plate is not visible from fifty feet to the rear. The majority concludes there was no reasonable basis to stop the defendant's vehicle because the State failed to introduce any evidence that Deputy Nelson observed the defendant's registration plate from a distance that could reasonably approximate fifty feet prior to initiating a traffic stop. The record reveals Deputy Nelson followed the defendant's vehicle for approximately one mile around 2:00 a.m. on a country road. From his vantage point behind the vehicle, he observed that the vehicle's registration plate light was out. After making that observation, he stopped the vehicle. His closer inspection confirmed that the registration plate light was not working at all.

At the suppression hearing, Deputy Nelson was asked how far his vehicle was behind the defendant's at the time the deputy decided to initiate a stop. Nelson replied: "Well, let me see. I'll try to give you an estimate distance, but I'd say, you know, three—three or four car lengths, so probably under a hundred feet or close to it I suppose." The majority opinion acknowledges that it is difficult "to measure the precise distance between two moving vehicles." I agree. In this case, it is not surprising that Deputy Nelson was not sure precisely how far his vehicle was behind the defendant's. I believe the record in this case establishes that he made his observations from no more that 100 feet and perhaps considerably closer. Whatever the exact distance, it is clear that the deputy was close enough to the defendant's vehicle to observe that the registration plate light was not working. The defendant does not contend that this observation was in error and the trial court

---

1. The State argues that after Officer Nelson stopped Reisetter's vehicle, he confirmed his "suspicion of a violation of section 321.388." *See State v. Tague*, 676 N.W.2d 197, 204 ("Mere suspicion, curiosity, or hunch of criminal activity is not enough."). We note that the reasonableness of a stop is determined by the facts available to the officer at the time the officer makes the decision to stop the vehicle. *Id.*

affirmatively found that the deputy's observation was correct. I believe an investigatory stop was objectively reasonable under the circumstances presented here and therefore do not believe the stop violated the United States and Iowa constitutions. I would affirm the district court's ruling denying the motion to suppress.