# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1608

_____

United States of America,

      Appellee,

v.

Franz Joseph Grey,

      Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: December 18, 2009
Filed:  March 1, 2010

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Franz Joseph Grey pled guilty to aiding and abetting another by knowingly possessing, with the intent to defraud, over fifteen unauthorized access devices (credit cards and bank account numbers) in violation of 18 U.S.C. §§ 1029(a)(3) and 2.  In the plea agreement, Grey reserved the right to appeal the district court's[1] earlier denial of his motion to suppress.  Although Grey's sentencing range under the advisory United States Sentencing Guidelines (U.S.S.G. or

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Guidelines) was 10 to 16 months imprisonment, the district court sentenced Grey to 26 months imprisonment. On appeal, Grey argues the district court erred in (1) denying Grey's motion to suppress, (2) denying his motion for an investigator and a continuance, (3) limiting the cross examination of one of the government's witnesses, and (4) imposing an unreasonable sentence.

The district court properly denied Grey's motion to suppress. "We review the district court['s] factual findings for clear error, but its conclusion that the Fourth Amendment was violated is reviewed de novo." United States v. Morgan, 270 F.3d 625, 630 (8th Cir. 2001) (citing United States v. Allegree, 175 F.3d 648, 650 (8th Cir. 1999)). Grey admits he was speeding when he was stopped, see United States v. Rodriguez-Lopez, 444 F.3d 1020, 1022 (8th Cir. 2006) ("Under the Fourth Amendment, any traffic violation constitutes probable cause to stop the driver of the vehicle."), and our review of the record reveals no clear error in the district court's finding the search of the vehicle was consensual, see United States v. McGill, 125 F.3d 642, 644 (8th Cir. 1997) (holding consent validates a subsequent search if voluntarily given). This lawful stop and consensual search did not violate the Fourth Amendment.

Grey's other arguments also lack merit. The district court did not abuse its discretion in denying Grey's motion for an investigator and a continuance, see United States v. Obasi, 435 F.3d 847, 852 (8th Cir. 2006) (standard of review), or in limiting cross examination to avoid confusion of the issues or marginally relevant testimony, see United States v. Drapeau, 414 F.3d 869, 875 (8th Cir. 2005) ("Trial judges retain 'wide latitude' to impose 'reasonable limits on . . . cross examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986))). Finally, the district court did not abuse its discretion in sentencing Grey above his advisory Guidelines range because the district court properly found the Guidelines range inadequately reflected the extent and seriousness of the crime, Grey's need for drug abuse and

mental health treatment and society's need for protection from potential future crimes by Grey. <u>Cf.</u> <u>United States v. Feemster</u>, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (affirming a below-Guidelines sentence because it "rest[s] on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts").

 The district court's judgment is affirmed.

_____