# IN THE COURT OF APPEALS OF IOWA

No. 13-1716
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FREDERICK BATEMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Frederick Bateman appeals from his convictions for possession of marijuana with intent to deliver, carrying weapons, and interference with official acts. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael Walton, County Attorney, and Will Ripley, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Frederick Bateman appeals from his convictions for possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2011), carrying weapons, in violation of Iowa Code section 724.4(3)(b), and interference with official acts, in violation of Iowa Code section 719.1(1). Bateman asserts trial counsel was ineffective for failing to move to suppress the evidence obtained following an alleged unlawful stop. Because we conclude the record is inadequate to address Bateman's ineffective-assistance claim, we preserve this claim for possible postconviction relief proceedings and affirm his convictions.

On December 8, 2012, at approximately 1:20 in the morning, Officer Daniel Reeves initiated a traffic stop of Bateman's vehicle. Officer Reeves informed Bateman he stopped Bateman's vehicle because one of the lamps illuminating Bateman's rear license plate was not working.[1] Officer Reeves then detected the odor of marijuana, which Corporal Austin Kean, who arrived shortly after the stop, corroborated. Officer Reeves ordered Bateman to exit the vehicle, which Bateman initially refused to do. Eventually Bateman got out of the car but passively resisted being handcuffed. Officer Reeves attempted to use a

---

[1] This statement was corroborated in Officer Reeves's police report, which stated he "conducted a traffic stop [of Bateman's vehicle] for having a license plate light out." It was further corroborated at trial in the following exchange:

> Q: And what was the reason for that traffic stop? A: The license plate light was out.

Additionally, the district court, in its recitation of facts, stated Officer Reeves "initiated a traffic stop of the defendant's automobile based upon a defective license plate light." The court further noted: "The State has failed to establish the registration plate was not legible from a distance of 50 feet to the rear. The testimony established that one of two rear license plate lights was defective. Therefore, it is possible that the plate was still visible."

"decentralizing technique" to take Bateman to the ground, which resulted in Officer Reeves falling and Bateman running away. Corporal Kean eventually apprehended Bateman by using a taser, after which the officers discovered a knife along Bateman's flight path and a baggie containing sixteen individual baggies of marijuana in the area in which Bateman had fallen.

Bateman was charged with possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2011), one count of carrying weapons, in violation of Iowa Code section 724.4(3)(b), interference with official acts, in violation of Iowa Code section 719.1(1), and improper registration plate lamp, in violation of Iowa Code section 321.388. A bench trial was held on August 12, 2013,[2] and Bateman was found guilty of the possession, carrying weapons, and interference with official acts charges. The court found Bateman not guilty on the improper license plate lighting charge because: "The State . . . failed to establish the registration plate was not legible from a distance of 50 feet to the rear." Bateman appeals, asserting trial counsel was ineffective for failing to file a motion to suppress the evidence obtained following the stop.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo.

---

[2] Bateman filed a post-trial motion arguing that, because the State failed to prove he violated section 321.388, "there [was] no probable cause basis for that stop." The State resisted Bateman's motion on the ground that it was effectively an untimely motion to suppress. In its ruling, the district court found this was a motion in arrest of judgment and denied it.

*Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

Bateman is correct in his assertion that having one inoperable light on his license plate is not a violation of the law. *See* Iowa Code § 321.388 ("Either the rear lamp or a separate lamp shall be so constructed and placed to illuminate with a white light the rear registration place and render it clearly legible from a distance of fifty feet to the rear."); *State v. Reisetter*, 747 N.W.2d 792, 794 (Iowa Ct. App. 2008) (noting a violation of section 321.388 only occurs when the license plate is not illuminated such that it cannot be seen from a distance of fifty feet). Neither party elicited testimony as to whether Bateman's license plate was visible at a distance of fifty feet, but the officer testified "the license plate light was out." Without hearing what trial counsel's strategy was in defending all four of Bateman's charges, we cannot adjudicate Bateman's ineffective-assistance claim on this record. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim."). Therefore, this claim is preserved for possible postconviction relief proceedings, where a more complete record may be established. *See* S*traw*, 709 N.W.2d at 133. Consequently, we affirm Bateman's convictions.

**AFFIRMED.**