# IN THE COURT OF APPEALS OF IOWA

No. 16-0579
Filed June 7, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONALD DEAN SCHLICHTING,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Tama County, Kevin McKeever, Judge.

Defendant appeals the district court's order denying his motion to suppress evidence. **AFFIRMED**

David R. Johnson of Brinton, Bordwell & Johnson, Clarion, for appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Ronald Schlichting appeals his conviction for operating while intoxicated. He alleges the district court erred in denying his motion to suppress because the officer did not have probable cause to stop the vehicle. Because Schlichting violated a traffic law, we affirm.

**I. Background Facts and Proceedings.**

On June 3, 2015, Trooper Jared Rude was on duty when he stopped to fill up his patrol car with gas at the Traer Short Stop in Traer, Iowa. As he walked into the store to pay for the gas, the store clerk came out to inform Rude that an intoxicated customer was leaving in a truck. The officer asked the clerk to identify the suspect, and she pointed to a red Chevy Colorado truck leaving the parking lot, being driven by Schlichting. The officer returned to his patrol car and began following the truck.

The officer followed Schlichting for a short distance without incident. Schlichting then approached a two-way stop sign. The officer testified that while Schlichting was stopped at the intersection, he did not have a turn signal on. After a white vehicle passed through the intersection, Schlichting made a left turn without using his signal. Rude was approximately 150 to 200 feet behind Schlichting's car at the time of the turn, and Rude stated he could see the car's taillights clearly. Based on Schlichting's failure to use his turn signal, Rude initiated a traffic stop. During the stop, he observed Schlichting's bloodshot, watery eyes and the smell of alcohol. Schlichting then admitted to consuming alcohol that day, and Rude arrested Schlichting after he failed a field-sobriety

test. Schlichting's breath sample revealed a blood-alcohol content of .161 percent.

On June 25, Schlichting was charged with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2015). Schlichting filed a motion to suppress evidence, claiming the stop violated the protections of the Fourth Amendment of the United States Constitution. Rude and the clerk testified at the hearing. The district court determined, "[T]he trooper was credible when he indicated that he did not see a turn signal on the defendant's vehicle when he made a left-hand turn at the intersection of Third Street and Walnut Street." The court denied Schlichting's motion to suppress because (1) the officer had reasonable suspicion based on the increased reliability of a citizen's tip; and (2) the turn was illegal, which created probable cause for Rude to stop the vehicle. Regarding the illegality of the turn, the court stated:

> [T]he trooper was at most one-half of a block behind the defendant's vehicle before the defendant commenced his left turn. Therefore, the defendant's lack of signaling in this case could have affected the trooper's vehicle. . . . [T]he State has shown by a preponderance of the evidence that the trooper had reasonable cause to stop the defendant's vehicle for a violation of Iowa Code section 321.314.

Schlichting waived his right to a jury trial, and the court held a trial on the minutes of evidence. The court found Schlichting guilty as charged.

Schlichting appeals the order denying his motion to suppress.

## II. Standard of Review.

We review the denial of a motion to suppress on constitutional grounds de novo. *See State v. Coleman*, 890 N.W.2d 284, 286 (Iowa 2017). "In doing so, we give deference to the factual findings of the district court due to its opportunity

to evaluate the credibility of the witnesses but are not bound by such findings." *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

**III. Error Preservation.**

The State argues Schlichting did not preserve his claim under the Iowa Constitution because he failed to raise it to the district court. Our supreme court has held, "[W]hen a defendant in the trial court only identifies the Fourth Amendment as the basis for a search and seizure claim, the state constitutional claim has not been preserved at the district court." *Coleman*, 890 N.W.2d at 286 (citing *State v. Prusha*, 874 N.W.2d 627, 630). The *Coleman* court, however, explained that when a defendant fails to identify either constitution at the trial-court level, "claims under both the Iowa and the Federal Constitutions are preserved." *Id.*

Although mentioned briefly in his motion to suppress, Schlichting identifies the Fourth Amendment as the basis for the illegal search and seizure claim. Accordingly, Schlichting has not preserved error on his claim the stop violated provisions of the Iowa Constitution.[1]

**III. Discussion.**

The State argues the officer had probable cause to stop Schlichting because he violated a traffic law by failing to use a turn signal when he turned left from Third Street to Walnut Street. Schlichting argues the officer did not have probable cause because the officer did not corroborate the tipster's information, and he was not required to use his turn signal at the intersection.

---

[1] We note that although Schlichting did not preserve error under the Iowa Constitution, we reach the same conclusion under either analytical framework.

We turn first to Schlichting's argument the stop was illegal because he was not required to use his turn signal and thus no offense took place to establish probable cause. "The Fourth Amendment prevents governmental officials from arbitrarily intruding into citizens' privacy and security." *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013). This includes an officer's decision to stop a vehicle. *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *State v. Tyler*, 830 N.W.2d 288, 292–93 (Iowa 2013). However, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.

Under the Fourth Amendment of the United States Constitution, probable cause is measured by "the totality of the circumstances as viewed by a reasonable and prudent person" and must lead to the reasonable belief that a crime occurred and the would-be arrestee committed the offense. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* Probable cause would justify a stop under either the Federal or Iowa Constitution. *See Tyler*, 830 N.W.2d at 292.

Failing to use a turn signal can result in the violation of Iowa traffic laws. Specifically, under Iowa Code section 321.314:

> No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement *or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement*.

(Emphasis added.)

Schlichting claims no other vehicles were affected by his turn, so he was not required to use his turn signal. He relies on the holding in *State v. Malloy* to support his contention. 453 N.W.2d 243 (Iowa Ct. App. 1990). In *Malloy*, the officers stopped the defendant's vehicle after the driver failed to use his turn signal when he made a right turn from the middle lane of a five-lane street. *See id.* at 244. The defendant was subsequently arrested and charged with operating while intoxicated. *Id.* The court held the statute regarding turn signals only requires signal use when another vehicle may be affected by the turn. *Id.* at 245. Since the officers were over one block away and no other cars were present, the court determined the defendant's actions did not affect another vehicle and a signal was not required. *Id.* As a result, there was no traffic violation and no probable cause to justify the stop. *Id.*

This case is distinguishable from *Malloy*. First, the officer testified that he was 150 to 250 feet away from Schlichting's car when he failed to use his turn signal, as opposed to one and one-half blocks. *Compare State v. Chamberlain*, No. 01-1621, 2002 WL 1973931, at *1 (Iowa Ct. App. Aug. 28, 2002) (holding defendant's failure to use turn signal justified a stop when officer's car was directly behind the defendant's vehicle and another car was in the vicinity), *with Malloy*, 453 N.W.2d at 244. Schlichting's failure to use a turn signal affected "any other vehicle"—namely the officer's approaching car—as demonstrated by its close proximity. *See Chamberlain*, 2002 WL 1973931, at *1. The officer also testified that shortly before Schlichting made his turn, a white vehicle passed the defendant's car at the intersection. Schlichting's presence may have also affected the other vehicle's speed or direction as it proceeded through the

intersection. *See* Iowa Code § 321.314; *State v. Whitson*, No. 10-1284, 2011 WL 3925698, at *3 (Iowa Ct. App. Sept. 8, 2011) (holding a vehicle turning left at a stop sign affected the movement of another vehicle waiting at the intersection to turn).

We also note the statutory language creates a broad rule for determining the legal use of a turn signal. Section 321.314 requires signal use anytime "*any* other vehicle *may* be affected" by Schlichting's movement. *Id.* (emphasis added). The officer was only required to determine whether other vehicles, including his own, "may" have been affected by Schlichting. *See* Iowa Code § 321.314; *see also Whitson*, 2011 WL 3925698, at *3 (explaining the officer was not required to "establish that the other drivers were actually affected by [the defendant's] turn, just that by their proximity and direction of travel they may have been affected by the movement"). Because other cars were in the close vicinity of the intersection, Schlichting's vehicle may have affected their movement. Schlichting was required to use his turns signal, and his failure to do so violated section 321.314 of the Iowa Code. Thus, the officer had probable cause to stop Schlichting's vehicle, and the district court did not err in denying Schlichting's motion to suppress.[2]

**AFFIRMED.**

---

[2] Since the violation of section 321.314 established probable cause, we need not address the reliability of the clerk's tip.