# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1507

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Dean Miller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: December 13, 2018
Filed: February 15, 2019

_____

Before LOKEN and ERICKSON, Circuit Judges, and MAGNUSON,[1] District
Judge.

_____

MAGNUSON, District Judge.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota, sitting by designation.

At just before 9:00 pm on May 21, 2017, Appellant Anthony Dean Miller was a passenger in a pickup truck in Council Bluffs, Iowa. The truck, driving northbound on South 11th Street, passed a Council Bluffs police officer driving in the opposite direction on South 11th Street. At the suppression hearing, the officer testified that he saw the truck leaving a home that he was familiar with from his previous work with the Southwest Iowa Narcotics Enforcement Task Force, and that he was attempting to ascertain the truck's Texas license plate number as he passed. The officer turned his squad car around and followed the truck north on South 11th Street.

South 11th Street ends at a T intersection with South 16th Avenue. There is a park directly across South 16th Avenue from South 11th Street, and a stop sign on South 11th Street. There is no stop line for the sign, however. There is a sidewalk on either side of South 11th Street; both of these sidewalks continue across South 16th Avenue to the park. The sidewalk on the west side of South 11th Street intersects with a sidewalk on South 16th Avenue. This east-west sidewalk ends at South 11th Street, but there is no marked pedestrian crossing at South 11th Street, nor is there a continuation of the sidewalk on the east side of South 11th Street.

The officer stopped the vehicle after observing that the truck stopped beyond the unmarked stop line for the stop sign at the intersection of South 11th Street and South 16th Avenue. At the suppression hearing, the officer also testified that the truck did not use a turn signal until it was 40 or 50 feet away from the stop sign.

Because the officer smelled marijuana as he approached the truck, he told the occupants that he was going to conduct a search. Miller was removed from the vehicle and admitted to having a weapon in his possession. In addition, Miller had a small amount of methamphetamine concealed in a cigarette pack.

Miller challenged the traffic stop and subsequent search. The district court[2] upheld the constitutionality of the traffic stop and denied Miller's request to suppress the evidence received.

Miller entered a conditional plea of guilty to being a felon in possession of a firearm, reserving the right to appeal the district court's denial of his suppression motion. After he was sentenced to 37 months' imprisonment, he brought this appeal.

The Court of Appeals reviews the district court's factual findings for clear error and questions of constitutional law de novo. United States v. Smith, 715 F.3d 1110, 1114 (8th Cir. 2013).

The determinative question is whether the officer had probable cause for the stop. A violation of traffic law, even a minor violation, is sufficient probable cause to support a stop. United States v. Fuse, 391 F.3d 924, 927 (8th Cir. 2004). Iowa law provides:

> The driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at the first opportunity at either the clearly marked stop line or before entering the crosswalk or before entering the intersection or at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.

Iowa Code § 321.322(1). Iowa law defines "crosswalk" as the "portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections." Id. § 321.1(16). The district court found that the sidewalk on the west side of the intersection continued across South 11th Street, and

---

[2] The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

thus there was an implied crosswalk through the intersection even though none was marked.

Miller contends that there was no implied prolongation of the sidewalk here because the sidewalk did not continue east of South 11th Street. Even assuming that this argument is correct, a traffic stop comports with the Constitution when the officer reasonably believes that the vehicle has committed a traffic infraction, even if the vehicle did not actually commit such an infraction. See United States v. Martin, 411 F.3d 998, 1001 (8th Cir. 2005) ("The determinative question is . . . whether an objectively reasonable police officer could have formed a reasonable suspicion that [the defendant] was committing a code violation.").

We do "not expect state [police officers] to interpret the traffic laws with the subtlety and expertise of a criminal defense attorney." United States v. Sanders, 196 F.3d 910, 913 (8th Cir. 1999). Moreover, "a misunderstanding of traffic laws, if reasonable, need not invalidate a stop made on that basis." Martin, 411 F.3d at 1002. Because there is no dispute that the truck stopped past the stop sign, at an intersection where there were clear sightlines and no need to pull past the stop sign to see oncoming traffic, the officer reasonably believed that the vehicle violated the traffic laws and there was sufficient probable cause for the stop.

In the alternative, the district court found that the vehicle's failure to use its turn signal as Iowa law required provided an independent basis for probable cause for the stop. A turn signal must "be given continuously during not less than the last one hundred feet traveled by the vehicle before turning when the speed limit is forty-five miles per hour or less." Iowa Code § 321.315. The speed limit on South 11th Street is 25 miles per hour. The officer's dashcam shows that the driver of the truck did not activate his turn signal until he was approximately 40 to 50 feet away from the stop sign.

Miller argues that, under Iowa law, a driver need only use a turn signal when a pedestrian or other vehicle may be affected by the turn. State v. Malloy, 453 N.W.2d 243, 245 (Iowa Ct. App. 1990). Because there were no cars on 16th Street and no pedestrians in the area, Miller contends that he was not required to use his turn signal.

In Malloy, the defendant was stopped for failure to use his turn signal and was ultimately charged with DWI. Id. at 244. He argued on appeal, as Miller does here, that the use of a turn signal was not required because there were no other vehicles affected by his vehicle's turn. The officers making the stop testified that they were one and a half blocks behind Malloy's vehicle at the time he turned without signaling. Id.

The Iowa Court of Appeals agreed with Malloy, because Iowa law also provides that a vehicle may turn only "after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement." Iowa Code § 321.314. The court noted that this section "does not require a driver to use a turn signal in all instances; only in the event another vehicle may be affected." Malloy, 453 N.W.2d at 245. The court determined that § 321.314 determines when a driver has the duty to use a signal, while § 321.315 proscribes only "how long a signal must be given once a duty to use it arises." Id. Thus, § 321.315 does not impose a duty to signal all turns; rather, a driver is "not required to signal his . . . turn unless another vehicle [is] affected by the turn." Id. Because the officers were more than a block behind Malloy's vehicle, and were the only other vehicle on the road, there was no vehicle affected by his turn. The court therefore determined that the failure to use a turn signal did not provide probable cause for the stop. Id.

Malloy's holding is inapposite here, however. The officer was only one to two car lengths behind Miller's vehicle, not one and a half blocks. Thus, the officer's vehicle was affected by Miller's turn within the meaning of the statute. See State v.

Schlichting, No. 16-579, 2017 WL 2461490, at *3 (Iowa Ct. App. June 7, 2017) (finding that patrol car was affected by defendant's vehicle's turn when it was 150 to 250 feet behind defendant's vehicle). As the district court found, Miller's failure to use his turn signal provided an independent basis for the stop.

The district court's resolution of the suppression issue is accordingly affirmed.

———————————————