# IN THE COURT OF APPEALS OF IOWA

No. 13-0516
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY DEAN RADKE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brant (suppression) and Carol L. Coppola (trial), Judges.


Cody D. Radke appeals his convictions for possession of a controlled substance and theft in the third degree.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Joseph Crisp, Thomas Desio, and Kevin Hathaway, Assistant County Attorneys, for appellee.


Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Cody D. Radke appeals his convictions for possession of a controlled substance second offense and theft in the third degree. Radke claims the district court erred in denying his motion to suppress evidence as law enforcement lacked reasonable suspicion to seize him. We find law enforcement had reasonable suspicion Radke was involved in criminal activity because of Radke's presence in a vehicle thought to be delivering stolen goods, Radke matched the description of an individual who had stolen the items, and because of Radke's actions when exiting the vehicle. Having reasonable suspicion, the officer's conduct in seizing Radke was justified. We affirm.

## I.    Background Facts and Proceedings

Codey Radke was convicted of possession of a controlled substance[1] and third-degree theft following a trial based upon the minutes of testimony.

On August 27, 2012, Ankeny police officers arranged to meet Casey Porter in the parking lot of a Des Moines convenience store. Police contacted Porter, via the internet, as they suspected she possessed property that had recently been stolen in a violent home invasion burglary resulting in injuries.[2] Based upon statements of the victim's neighbors, the police believed at least three people may have been involved, including one matching Porter's description.

---

[1] Enhanced to an aggravated misdemeanor.
[2] Porter had placed an advertisement on Craigslist to sell a ring that had been stolen during the burglary. The victim of the burglary found the advertisement and alerted police, who contacted Porter and arranged to meet her to purchase the ring. The victim advised law enforcement that he had been threatened with a seven-inch knife during the burglary.

At the agreed upon time, Porter arrived at the convenience store in a vehicle matching the description of the vehicle used in the burglary. At least one man, another woman, and two children, were also in the vehicle with Porter. At the convenience store, Radke, who also matched the description of one of the burglars, exited the vehicle and retrieved a backpack from the trunk. Police officers immediately surrounded the vehicle with weapons drawn and secured each individual, moving them to separate areas of the parking lot. Radke was handcuffed, given his *Miranda* rights, and asked if there was anything illegal in the backpack. Radke indicated there was drug paraphernalia in the backpack and freely consented to a search. Drug paraphernalia containing drug residue and stolen jewelry was located.

Radke filed a motion to suppress claiming police lacked probable cause to seize him, and the fruits of the search should be suppressed as the result of the illegal stop and seizure. In its ruling, the district court did not rule on whether probable cause existed for the stop, but instead found police had reasonable suspicion to seize Radke. Radke did not request any further ruling on the issue of probable cause.

## II.    Standard of Review

Because Radke's motion to suppress raises constitutional issues, we review the district court's ruling de novo. *See State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013).

## III.    Discussion

Radke claims the officer did not have reasonable suspicion to seize him, which led the police to find drug paraphernalia containing drug residue.[3]  The State contends there were specific and articulable facts relied upon by police when Radke was seized.

"Searches and seizures conducted without a warrant are per se unreasonable unless they fall within one of the exceptions to the Fourth Amendment's warrant requirement."  *State v. Bradford*, 620 N.W.2d 503, 506 (Iowa 2000).  One such exception is a *Terry* stop.  *Id.*  Our supreme court regularly upholds searches based upon the *Terry* stop exception.  *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997).  According to *Terry v. Ohio*, 392 U.S. 1, 29–30 (1968):

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous . . . he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.  Such a search is a reasonable search under the Fourth Amendment . . . .

We examine this type of reasonable suspicion under an objective standard, asking whether the "facts available to the officer at the time of the stop would lead a reasonable person to believe the action taken by the officer was appropriate."  *Kinkead*, 570 N.W.2d at 100.  The officer must have more than a

---

[3] In his motion to suppress, Radke argued the seizure was not supported by probable cause.  The district court did not rule on that basis, but instead applied a reasonable suspicion standard.  On appeal, Radke only raises the issue of reasonable suspicion.

hunch, but need not have proof of wrongdoing that rises to a preponderance of the evidence. *Id.*

On the night in question, Radke arrived under suspicious circumstances. He arrived in a vehicle matching the description of a vehicle recently used in a violent crime. The vehicle arrived as part of a law enforcement operation, where police set up a meeting with someone attempting to sell stolen property taken during the crime. When the vehicle stopped, Radke, who matched an earlier description of one of the perpetrators of the burglary, exited the car and retrieved a backpack from the trunk. Radke's movements could be consistent with being a part of the planned sale of stolen goods or, considering the violent nature of the burglary, it was reasonable for law enforcement to suspect Radke was involved in ongoing criminal conduct that may have placed them in danger.

Radke claims a person's "mere propinquity to others independently suspected of criminal activity does not . . . give rise to probable cause." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). "*Ybarra*, however, does not hold that companionship is irrelevant to the determination of . . . reasonable suspicion." *United States v. Silva*, 957 F.2d 157, 161 (5th Cir. 1992). The seizure of Radke was not based upon his mere presence with others suspected of wrongdoing. He also exited the vehicle and retrieved a backpack from the trunk of the car, an act properly considered suspicious because of the other attendant circumstances.

The seizure of Radke was supported by reasonable suspicion. Accordingly, the ruling of the district court is affirmed.

**AFFIRMED.**