# IN THE COURT OF APPEALS OF IOWA

No. 14-0516
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN CHARLES SCHUEMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Craig Dreismeier, District Associate Judge.


        Steven Schueman appeals from the district court's denial of his motion to suppress. **AFFIRMED.**


        Bill C. Bracker of Law Office of Bill Bracker, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, Kelli A. Huser, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Kerrie L. Snyder, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Steven Schueman appeals the district court's denial of his motion to suppress (concerning a traffic stop) claiming the deputy made a mistake of law and not a mistake of fact concerning the existence of a stop sign. He also claims the court improperly denied his motion based on the deputy's mistake of law regarding when a motorist is required to use a turn signal. We find the officer had probable cause to stop Schueman based on the officer's mistake of fact about the existence of a stop sign and need not reach the issue of the turn signal. We affirm the district court's denial of Schueman's motion to suppress.

I.      **BACKGROUND FACTS AND PROCEEDINGS**

We incorporate the district court's statement of the factual background:

> Deputy Ramsey testified that while on routine patrol in the city of Avoca, Pottawattamie County, he observed a pickup cross from his right to left at an intersection that he thought was controlled by a stop sign. The deputy was traveling south on highway 59, at or near the posted limit of thirty miles per hour. Defendant was driving a beige pickup headed east on West Lyons Street. The video shows the officer's car approximately three-quarters of one block from the intersection when the beige pickup entered the intersection. The pickup did not come to a complete stop before entering the intersection. Deputy Ramsey testified that when he saw what he considered to be a traffic infraction, he testified he was going to stop the defendant for the same even though he did not immediately pull the defendant over. While the beige pickup is crossing the highway, the video shows the patrol car decelerate. Upon viewing the video, it is apparent to this Court that if the deputy did not brake upon approaching this intersection, a collision with the pickup truck would likely have occurred. By braking, enough time elapsed to allow the pickup truck through the intersection prior to the deputy arriving at the same. Upon the deputy arriving at the intersection, he turned and followed the defendant for one block. Defendant turned north without signaling, and it was at this time that Deputy Ramsey made the traffic stop. Deputy Ramsey testified that there was no oncoming or cross traffic in the vicinity prior to the defendant turning north.

Upon speaking with Defendant, the deputy stated (as indicated in the video) to the defendant as follows: "you ran that stop sign there and then you did not turn your signal on and you have been drinking tonight . . . ." After field sobriety tests, he made the arrest and transported defendant where he tested over the legal limit for alcohol. Defendant is charged with operating while intoxicated.

Deputy Ramsey did not have a stop sign at the intersection of Highway 59 and West Lyons. However, both the deputy and the defendant both testified that normally a stop sign would be at the intersection in question for the defendant's direction of travel. During the time of this incident, road construction was taking place at this intersection. The Defendant testified that the stop sign at the intersection had been removed between a week and ten days earlier. He accompanied his sister to the site on the day following the arrest and photographed the area. The photos corroborated Defendant's testimony that there was not a stop sign in place. The photos also corroborated Defendant's testimony that the area was under construction. A review of the video shows the traffic cones that appeared in the photos. There is no stop sign visible on the video. The affidavit from the city maintenance worker confirms that the sign had been removed during construction and not replaced until after Defendant's arrest. The court specifically finds that there was not a stop sign present on the evening of Defendant's arrest.

On October 4, 2013, Schueman was arrested and charged with operating a motor vehicle while intoxicated, second offense, pursuant to Iowa Code section 321J.2 (2013). Schueman filed a motion to suppress, and the district court held a hearing on January 10, 2014. Schueman claimed the deputy did not have reasonable suspicion to make the stop. The district court found the deputy had probable cause to stop Schueman due to the deputy's mistake of fact concerning the existence of a stop sign and due to Schueman's failure to use his turn signal. The court denied the motion. The trial was held on March 28, and Schueman was found guilty. He now appeals.

## II.     STANDARD OF REVIEW

We review suppression rulings based on constitutional arguments de novo.  *State v. Knight*, 853 N.W.2d 273, 276 (Iowa Ct. App. 2014)

## III.    DISCUSSION

The Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution provide protection to individuals against unreasonable searches and seizures.  *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997).  "Warrantless searches and seizures are per se unreasonable unless . . . a recognized exception to the warrant requirement applies."  *State v. Howard*, 509 N.W.2d 764, 766 (Iowa 1993).  One such exception authorizes a law enforcement officer to stop a vehicle when the officer observes a traffic violation, no matter how minor.  *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).  The burden is on the State to prove by a preponderance of the evidence that the officer had probable cause to stop the vehicle.  *Id.*  If the State does not meet this burden, the evidence obtained through the stop must be suppressed.  *Kinkead*, 570 N.W.2d at 100.

Schueman claims the deputy did not have probable cause to stop him because the deputy made a mistake of law concerning the existence of a stop sign.[1]  A mistake of fact can justify a traffic stop, but a mistake of law cannot.[2]

---

[1] Since we find the deputy made a mistake of fact, and not a mistake of law, concerning the existence of the stop sign, we limit our review to this issue as it is dispositive of this appeal.

[2] We recognize that the United States Supreme Court created a different standard for a police officer's reasonable mistake of law in *Heinen v. North Carolina*, 135 S. Ct. 530, 540 (2014), where the Court held a reasonable mistake of law created reasonable suspicion for a traffic stop under the Fourth Amendment.  As the facts in this case point

*See State v. Lloyd*, 701 N.W.2d 678, 680 (Iowa 2005) (finding an officer's mistake concerning a motorist's license plate was a mistake of fact and sufficient to establish reasonable cause to stop the motorist); *see also State v. Louwrens*, 792 N.W.2d 649, 653 (Iowa 2010) (finding no objective legal basis for stop based on officer's mistake of law concerning a U-turn ordinance). The district court found the officer's mistake one of fact and reasoned:

> If there was never a stop sign at this intersection, then this Court believes it would be a mistake of law and the stop of the defendant would not be reasonable. However, in this case, a stop sign is normally present at this intersection. Both the deputy and defendant testified to the same. The deputy testified he believed the stop sign to be present on the day in question. The sign was not present on the day in question due to the road construction. When the deputy confronted the defendant, he told him one of the reasons for the stop was due to the defendant failing to stop at the stop sign. If the defendant knew there was no stop sign that night, he never indicated that to the deputy. Had the stop sign been present, clearly probable cause would have existed to support the stop of the defendant as a law had been violated. This Court believes the deputy's assertion that a stop sign was present was objectively reasonable under the facts of this case. As such, this Court believes the deputy did have probable cause to stop the defendant.

We agree with the district court's well-reasoned opinion. This is not a case like *Louwrens*, where our supreme court found an officer had a mistaken belief about a law. 792 N.W.2d at 653. In *Louwrens*, an officer knew the city ordinance restricted U-turns on a certain road, but the officer did not know, pursuant to the Iowa Code, the restriction was not effective until signs were posted. *Id.* at 650. The officer stopped a driver for making a U-turn on the

---

to a mistake of fact, and not a mistake of law, we decline to adopt the Court's new standard at this time.

restricted portion of the road; however there were no signs posted informing drivers of the restriction. *Id.*

In the present case, and as the district court reasoned, the officer believed a stop sign was posted at the intersection. A stop sign had been posted at the intersection in the past, and a stop sign was reposted at the intersection after the stop and after completion of the construction. The officer's belief about the existence of the stop sign was one based on fact rather than a misapplication of the law. Therefore, we affirm the district court's denial of Schueman's motion to suppress.

**AFFIRMED.**