**IN THE COURT OF APPEALS OF IOWA**

No. 14-1074
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES CURTIS CRAIG III,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Calhoun County, Kurt J. Stoebe,

Judge.

A defendant appeals from his conviction of operating while intoxicated,

first offense.  **AFFIRMED.**

Jennifer Bonzer of Johnson & Bonzer, Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, Cynthia Voorde, County Attorney, and Tina Meth Farrington,

Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

James Curtis Craig III was convicted of operating while intoxicated, first offense.  He has appealed.  We affirm.

## I.  Factual Background and Course of Proceedings

On December 22, 2013, Officer Israel Swanson of the Manson Police Department was performing routine parole duties when he observed an individual exit a local bar and grill, get into a parked car, and head down Main Street.  The vehicle suddenly stopped and began reversing, causing the driver of the following vehicle to take evasive actions by slamming on the brakes and reversing the vehicle in order to avoid being struck.  Officer Swanson activated his lights, pulled between the two vehicles, and stopped the reversing vehicle.  Officer Swanson determined that Craig was driving and charged him with careless driving and operating while intoxicated.

Craig filed a motion to suppress, claiming that the stop of his vehicle was an illegal seizure.  The trial court concluded that Craig's operation of his vehicle was neither reckless driving nor careless driving but Officer Swanson had probable cause to stop Craig's vehicle and overruled Craig's motion to suppress as to the stop issue.  Craig waived his right to a jury trial and consented to a trial on the minutes.  Craig was convicted of operating while intoxicated and has been sentenced accordingly.

## II.  Preservation of Error

When a pretrial motion to suppress is overruled by the trial court no further objection to the evidence's submission at trial is necessary to preserve error.

*State v. Richards*, 229 N.W.2d 229, 232-33 (Iowa 1975). Error has been preserved.

### III. Scope of Review

Constitutional issues have been raised; therefore, review is de novo and requires an evaluation of the totality of the circumstances. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

### IV. Discussion

Craig contends that since Officer Swanson thought he was guilty of violating the reckless driving or careless driving prohibition and it was later determined that neither violation had occurred, there was therefore no right to stop his vehicle. The stop of a motor vehicle by law enforcement is a seizure. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Stopping a vehicle based on an officer's mistaken belief that a law has been broken, when in fact no law exists that prohibits the observed act, does not constitute reasonable cause to justify a traffic stop. *State v. Louwrens*, 792 N.W.2d 649, 654 (Iowa 2010). However, if a law enforcement officer has a reasonable and articulable belief that criminal activity is afoot he can make a stop consistent with the Fourth Amendment. *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). The purpose of such an investigatory stop is to resolve any ambiguity as to whether criminal activity is afoot. *State v. Kinkead*, 570 N.W.2d 97, 101 (Iowa 1997). A mistaken factual basis for a stop does not necessarily make the stop invalid. *Id.* Whether Officer Swanson's mistake is a mistake of law or fact is not critical as to the legality of the stop in this instance. The State is not limited to the reason the

officer gave for justifying the stop. *State v. Tyler,* 830 N.W.2d 288, 295 (Iowa 2013).

As opposed to *Tyler*, other reasons in the record justify for the stop. The underlying issue in this case is not whether a traffic violation occurred justifying the stop, but instead whether other factors support a clear and articulable reason to believe criminal activity was afoot. We agree with the trial court when it stated in its ruling on the motion to suppress,

> There is no factual dispute that the defendant was operating his car in reverse on a winter night on a commercial street [on] a collision course with another vehicle. The other vehicle took an evasive maneuver to avoid the collision. The defendant did not stop until the officer intervened with his red lights and patrol car. The officer could reasonably conclude that the defendant did not see the minivan, wanted to hit it, wanted to intimidate the driver, and/or simply disregarded the safety of the minivan and its occupants.
> The Court therefore concludes that there was probable cause to stop the defendant's vehicle.

Even though Officer Swanson believed the actions he observed constituted careless or reckless driving but the court later disagreed, it is reasonably clear that "the ambiguity" of Craig's action warranted an "investigatory stop" to determine what was precipitating the erratic driving.

**AFFIRMED.**