**IN THE COURT OF APPEALS OF IOWA**

No. 22-1224
Filed October 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKIE MATRESE PERKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

        Rickie Perkins appeals the district court's denial of his motion to suppress evidence. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

Rickie Matrese Perkins appeals the denial of his motion to suppress. We find the officer had probable cause and reasonable suspicion for the vehicle stop and affirm the district court ruling.

**I.     Background Facts & Proceedings.**

At approximately 3:00 a.m. on March 14, 2021, Waterloo Police Officer Jordan Ehlers, observed a red 2005 Chevy Tahoe passing immediately in front of his squad car. Ehlers estimated the vehicle was traveling greater than thirty miles per hour in a twenty-five-mile-per-hour zone. Ehlers began following the vehicle and noted he had to travel in excess of thirty-five miles per hour to catch up to it. Based on the vehicle's speed, in addition to its heavy braking and accelerating, Ehlers activated his overhead lights to initiate a traffic stop. The vehicle then drove three or four more blocks. Ehlers then activated his vehicle siren, at which point the vehicle pulled to the side of the road and stopped.

Ehlers approached the stopped vehicle and identified the driver as Perkins. Ehlers smelled alcoholic beverage inside the vehicle and noticed Perkins's eyes were bloodshot and watery. Lieutenant Steven Bose arrived moments later and administered field sobriety tests to Perkins. During each test Perkins showed signs of impairment. Perkins also admitted he had consumed alcohol that evening. Perkins refused a preliminary breath test. Perkins was then arrested for operating while intoxicated (OWI).

Perkins filed a motion to suppress the traffic stop, asserting Ehlers did not have probable cause or reasonable suspicion to pull his vehicle over for speeding. He argued the stop of his vehicle violated his rights under the Fourth and

Fourteenth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. The district court denied Perkins's motion, ruling Ehlers's observations were not sufficient to prove beyond a reasonable doubt Perkins was speeding at thirty-five miles per hour, but were sufficient to provide reasonable suspicion or probable cause Perkins was exceeding the twenty-five-mile-per-hour speed limit. The court found Ehlers to be credible and his testimony corroborated by his squad car dashcam video, Ehlers was in a position to estimate Perkins's speed in relation to his own and other vehicles in the area, and Ehlers had training and experience estimating the speed of moving vehicles under numerous conditions.[1] The court concluded the officer had probable cause and reasonable suspicion for the stop.

Following trial and conviction for OWI, first offense, Perkins appeals the denial of his motion to suppress.

## II.     Standard of Review.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017). "We examine the entire record to independently evaluate the totality of the circumstances based on each case's unique situation." *State v. Price-Williams*, 973 N.W.2d 556, 561 (Iowa 2022). "We give deference to the district court's fact

---

[1] The district court refused to characterize Ehlers's conduct as pacing Perkins's vehicle. Police pacing occurs when the officer attempts to drive at the same speed as the vehicle in front of them. *See State v. Hicks*, 791 N.W.2d 89, 91 (Iowa 2010).

findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Brown*, 890 N.W.2d at 321 (citation omitted).

## III.    Analysis.

Perkins challenges the district court's denial of his motion to suppress arguing Ehlers lacked probable cause and reasonable suspicion for the traffic stop and therefore violated the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 8 of the Iowa Constitution.

Generally, both the federal and state constitutions require a warrant before an officer may seize a person. *See State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). This means a search or seizure must take place pursuant to a warrant issued by a judicial officer, and searches conducted without a warrant are unreasonable unless an exception to the warrant requirement applies. *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010) (citing *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997)). One such exception authorizes a law enforcement officer to stop a vehicle when the officer observes a traffic violation, no matter how minor. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). The State has the burden to prove by a preponderance of the evidence the officer had probable cause or reasonable suspicion to stop the vehicle. *Id.* at 201, 203. The observation of any type of traffic offense by an officer establishes both probable cause to stop the vehicle and reasonable suspicion to investigate. *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015).

An officer has probable cause to stop a vehicle exceeding the speed limit. *See State v. Predka*, 555 N.W.2d 202, 206 (Iowa 1996). An officer's experience and observations may be sufficient to determine whether a vehicle is speeding.

*See State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987) (finding the officer's testimony—"It was well in excess of sixty miles per hour and I was just keeping pace with him"—was sufficient to establish the defendant was exceeding the thirty-five mile per hour speed limit ); *see also State v. Barker*, No. 16-0686, 2017 WL 1735680, at *3 (Iowa Ct. App. May 3, 2017) (noting "[a]n officer's visual observations, whether as to speed or some other activity that would support a finding of probable cause or reasonable suspicion, may be sufficient to meet the preponderance-of-evidence requirement" and finding the evidence sufficient in this case because the officer testified as to his background and training in estimating speeds and observations); *State v. Jerde*, No. 00-0605, 2001 WL 854856, at *2 (Iowa Ct. App. July 31, 2001) (finding there was sufficient evidence of speeding based on officer's visual estimate as well as the officer's speed when following the defendant). In considering an officer's visual estimation of speed, a court may "make a case-specific inquiry into the officer's training and experience, the nature and extent of the opportunity which the officer had to view the moving vehicle, and the magnitude of the variance between the estimated speed and the speed limit." *State v. Konvalinka*, No. 11-0777, 2012 WL 1860352, at *6 (Iowa Ct. App. May 23, 2012).

Ehlers testified he observed Perkins's vehicle traveling at a "high rate of speed."[2] Ehlers is a trained and experienced police officer, with a decade in law enforcement. He stated he had been trained on how to visually estimate speed

---

[2] Ehlers testified that his visual estimate of Perkins's speed was greater than thirty miles per hour and in thirty-one to thirty-four mile per hour range while he followed Perkins, which exceeds the posted speed limit of twenty-five miles per hour.

and was required to pass a test by accurately estimating the speed of moving vehicles under numerous conditions. Additionally, Ehlers's testimony is supported and corroborated by his squad car footage.

We conclude Officer Ehlers's visual speed estimation in combination with his experience and observations following Perkins's vehicle support a rational inference Perkins was exceeding the speed limit. Ehlers had probable cause and reasonable suspicion to stop Perkins's vehicle. We affirm the district court's decision denying the motion to suppress.

**AFFIRMED.**