# IN THE COURT OF APPEALS OF IOWA

No. 23-0856
Filed May 8, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUSTIN RAYMOND MANN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lucas County, Elisabeth Reynoldson, Judge.

A criminal defendant appeals his conviction, challenging denial of his motion to suppress evidence obtained following a traffic stop. **AFFIRMED.**

Martha J. Lucey, Appellate Defender, and Ashley Stewart (until withdrawal) and Nan Jennisch, Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, and Matt Braun, Law Student, for appellee.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

A deputy sheriff stopped Justin Raymond Mann in Chariton after the deputy heard the muffler on Mann's car make a "loud and excessive noise." The deputy followed Mann, who pulled into a driveway. Then the deputy parked on the nearby roadside, approached, and asked Mann for his license and registration.

The deputy observed Mann was sweating profusely and grinding his teeth. Mann also had uncontrolled eyelid tremors and repeatedly told the deputy he had "cotton" or "dry" mouth. Based on his training and experience, the deputy recognized these as common indicators of methamphetamine use. He asked Mann if he had used drugs recently, and Mann said it had been more than a month since he last used methamphetamine.

The deputy handcuffed Mann and—without prompting—Mann said he used methamphetamine earlier that evening. The deputy then gave *Miranda* warnings, and Mann said he had a couple "hits" of methamphetamine in the last hour. Mann said he initially denied the drug use because he didn't want his wife to overhear. The deputy collected a urine sample from Mann, which eventually tested positive for methamphetamine and tetrahydrocannabinol (THC), and issued a citation to Mann for operating while intoxicated first offense about two months later.

It turned out Mann's roommate owned the vehicle and was also recently stopped for having a loud muffler. The two had tried to repair the muffler with a patch kit, but neither had experience in automotive work and they did not take the car to a repair shop. Both the roommate and Mann's wife thought the repair lessened the noise from the muffler.

Mann moved to suppress evidence obtained from the stop, urging in part that his rights under the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution were violated because the deputy lacked reasonable suspicion to detain him. The district court denied the motion to suppress and later, following a stipulated bench trial on the minutes of testimony, found Mann guilty of operating while intoxicated—first offense, a serious misdemeanor in violation of Iowa Code section 321J.2(1) and (2)(a) (2021).

Mann appeals, renewing his challenge to the stop. We review de novo, though we give deference to the district court's findings of fact, especially when based on credibility determinations. *State v. Reinders*, 690 N.W.2d 78, 82 (Iowa 2004).

"A traffic stop is permissible under our Iowa and Federal Constitutions when supported by probable cause or reasonable suspicion of a crime." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "When a peace officer observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." *Id.*

Iowa Code section 321.436 requires, in pertinent part, every motor vehicle to "be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise." A noise-based stop under this section is justified based on a police officer's "auditory perception"—that he hears excessive or unusual noise. *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997). While such perception is "subjective and difficult to standardize," officers are "allowed to rely on their sensory perception in performing their jobs." *Id.* at 100–01.

Given the briefing, we assume without deciding that the deputy parking on the roadside and approaching Mann was a seizure. The district court found the deputy "credibly testified that it was immediately apparent as he sat in his patrol vehicle that the muffler on Mann's vehicle made an 'excessive or unusual noise' in violation of Iowa Code section 321.436." We defer to this finding and conclude it disposes of Mann's appellate claim. While Mann may have wished the district court instead chose to believe testimony that the muffler was in good working order and wasn't that loud, this is no basis for relief on appeal. *See Reinders*, 690 N.W.2d at 82 (on deferring to district court's credibility determinations).

**AFFIRMED.**